## Shanor Unemployment Compensation Case.

Argued November 11, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Frank Shanor*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *Thomas D. McBride*, Attorney General, for appellee.

OPINION BY WATKINS, J., December 9, 1958:

In this unemployment compensation case the claimant, Frank Shanor, was held to be ineligible for unemployment benefits in that he had been discharged

by a prior employer for being repeatedly absent from work without notice, and where he had not earned eight times his weekly benefit rate in subsequent employment as provided by Section 401 (f) of the Unemployment Compensation Law of December 5, 1936, P. L. 2897 (1937), as amended, 43 PS §801 (f).

The bureau, the referee and the board all concluded that the claimant was ineligible and the only question before us on appeal is whether the findings so made are based on competent testimony. *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

The record shows that during his employment by Jones & Laughlin Steel Corporation, California, Pennsylvania, he had a record of considerable absenteeism and had been warned that his next unreported absence would result in his discharge. He absented himself for seven consecutive days without notice to his employer, immediately prior to his discharge on January 11, 1957. This evidence amply supported the board's finding.

We have held that under the "willful misconduct" Section 402 (e) of the Unemployment Compensation Law, 43 PS §802 (e), that a discharge of a claimant for excessive absenteeism without notice and after warning, that the separation from employment was the result of willful misconduct which disqualifies him for benefits. *Curran Unemployment Compensation Case*, 181 Pa. Superior Ct. 578, 124 A. 2d 404 (1956).

Decision affirmed.