Soilis Unemployment Compensation Case.

Argued April 14, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Herman S. Harvey, Jr.,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., June 15, 1960:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review upholding the findings of the Bureau of Employment Security and the referee, which concluded that the appellant was ineligible to receive benefits under the provisions of §402(e) of the Unemployment Compensation Law, Act of 1936, P. L. [1937] 2897 (43 P.S. 802(e)).

The appellant was last employed by Oswald Werner & Sons, Pittsburgh, Pennsylvania, as a counter girl from March 23 to April 11, 1959. When she was hired she was informed that she must work every weekday, including Saturday.

On April 3, 1959, appellant absented herself without reporting her absence or the cause thereof. She reported for work on April 6 and 7 but again absented herself on April 8. She reported this absence to her

employer but gave no reason therefor. She absented herself again on April 9 and reported but failed to assign a reason. She was absent on April 10 but did not call the employer until late in the afternoon. She worked on April 11 and again absented herself from work on April 13, 14, and 15.

Section 402(e) of the Unemployment Compensation Law, provides, in part, that an employee shall be ineligible for compensation for any week:

"(e) in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." The Board based its conclusion that claimant was ineligible for compensation on the fact that she was guilty of willful misconduct by reason of her absenteeism.

Claimant contends that the evidence establishes the fact and leads to the conclusion that she was discharged on the 14th and not on the 15th since she was replaced by another girl on the 14th; and therefore her failure to report off on the 15th was irrelevant and should not have been considered in disposing of her claim. This contention is untenable in light of the finding by the Board, sustained by sufficient evidence, that the actual dismissal occurred on the 15th; and also in the light of the law as stated by this Court in *Quinten v. United States Steel Corp.*, 186 Pa. Superior Ct. 384, 142 A. 2d 370, requiring notice to accomplish discharge.

Claimant's second contention is based on the decision of this Court in *Flynn Unemployment Compensation Case*, 174 Pa. Superior Ct. 71, 98 A. 2d 490, wherein it was held that after an employee has given notice of illness the first day of absence, it is not willful misconduct to neglect to give notice on the second and final day of the illness. However, that case is readily distinguishable from the present one. There, notice was given on the first day, whereas here, although the

giving of notice was attempted, still the rule of employment relating to the time of giving notice was violated. Therefore, no proper notice was given. Also, in the present case, no attempt was made to advise the employer of claimant's absence on the second or third day. Although the Board found claimant had given improper notice on the 13th, claimant in her testimony before the referee stated that she had not given notice on any of the last three days. Further evidence of her willful misconduct may be found in the fact that on the 15th she was able to leave her home and visit a restaurant. She expressed an intention to visit her employer's place of business in the afternoon of the 15th, which indicates that she could have notified her employer sooner. Under these circumstances, her failure to notify her employer can lead to no other conclusion than that she showed a willful disregard of the standard of behavior which an employer has the right to expect of an employee. This is particularly true in view of the notice given her at the beginning of her employment that her services were definitely needed every weekday, including Saturday. Her discharge was justified. *Sauer Unemployment Compensation Case,* 172 Pa. Superior Ct. 202, 92 A. 2d 896.

Decision affirmed.