## Hohnstock Unemployment Compensation Case.

Argued September 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John P. Yatsko,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., November 16, 1961:

In this unemployment compensation case, the bureau, the referee and the board in turn concluded that the claimant was disqualified under the provision of §402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

This sub-section provides that an employe shall be ineligible for compensation for any week "In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . ."

The board found that the claimant had a history of unreported and unauthorized absences and that "Although work was scheduled for the claimant on December 5, 1960, he did not report for work [and when he did report] on Friday, December 9, he was discharged for his absence."

The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955).

Repeated absences without good cause or without notice to the employer constitute willful misconduct

under §402(e), supra. *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639 (1949); *Shanor Unemployment Compensation Case,* 188 Pa. Superior Ct. 301, 146 A. 2d 336 (1958); *Soilis Unemployment Compensation Case,* 192 Pa. Superior Ct. 636, 161 A. 2d 634 (1960).

In this case no advance warning was given to the appellant before he was discharged. The appellant contends that an advance warning concerning the consequences of continued absences is necessary before a discharge for repeated unauthorized absences may be found to be a discharge for willful misconduct. "Willful misconduct" is established by repeated absences without good cause or without notice to the employer. While a warning by an employer, which is ignored by the employee, is relevant in that it reflects the employee's attitude to his employment, it is not a necessary element of willful misconduct for repeated unauthorized absences.

The claimant also argues that there was no evidence to support the board's finding of willful misconduct. The evidence establishes that the claimant was absent from his employment seven days in two months. According to the claimant's own testimony, on the first day of his first three-day period of absence, the claimant's wife notified his employer that he was sick. He was absent during a second three-day period during which time his employer was not notified until the third day. He was absent another day to attend a christening and did not notify his employer of his intended absence. On December 5th, he again failed to report for work and did not notify his employer. Even if the board accepted all of his testimony as true (which it was not obligated to do, *Lavely Unemployment Compensation Case,* 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352 (1948)), the evidence supported the board's finding of willful misconduct.

**Decision affirmed.**