Kiefer Unemployment Compensation Case.

Argued November 13, 1962. Before Rhodes, P. J., Ervin, Wright, Watkins, Montgomery, and Flood, JJ. (Woodside, J., absent).

*Sanford A. Middleman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Watkins, J., December 12, 1962:

In this unemployment compensation case the Bureau of Employment Security, the Referee and the Unemployment Compensation Board of Review all concluded that the claimant was disqualified from receiving benefits in that he voluntarily left his employment in violation of §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1).

The claimant, Emil R. Kiefer, was last employed by Penn Window Co., Pittsburgh, Pa., on December 23, 1960. He had a record of absenteeism, having lost 103 work days in 1960. On December 27, 1960 he did not report for work because he had broken his ribs in an accident on December 25, 1960. He sent word to his employer at that time giving the reason for his

absence. The employer never heard from him again until March 1, 1961, at which time he was informed that no work was available for him. He had been removed from the work rolls as a voluntary quit. It might be noted that his union representation under grievance procedure upheld the employer in removing his name from the work rolls.

The Board found that he voluntarily left his employment without cause of a necessitous and compelling nature. The findings are supported by competent evidence and are binding on this Court. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955). The actions of this employee indicated no regard for the employer's best interest. He made no effort to maintain the employment relationship. The compensation authorities might well have found him not to be eligible for benefits under §402(e), 43 PS §802(e), in that his chronic absenteeism amounted to willful misconduct. *Hohnstock Unemployment Compensation Case,* 196 Pa. Superior Ct. 500, 175 A. 2d 167 (1961).

Decision affirmed.