ALEXANDER *v.* EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—DISCHARGE FOR INCARCERATION—
DISQUALIFICATION FROM BENEFITS—RESCISSION OF DISCHARGE.

Finding of employment security commission that plaintiff work-
man, who had failed to report for work by reason of his con-
finement in jail, was disqualified from receiving unemployment
compensation benefits, despite subsequent rescission of dis-
charge by agreement of union and employer *held,* proper, as
the discharge of an employee for incarceration is an absolute
disqualification and not something which the employer and the
union could later negate by agreement (PA 1936 [Ex Sess],
No 1, § 29m, as added by PA 1963, No. 189).

2. SAME—FUNCTION OF APPELLATE COURTS—DISQUALIFICATION FROM
BENEFITS.

It is not the proper function of a court to amend the employ-
ment security act to broaden or extend the disqualifications
fixed, in plain language, by the legislature (CLS 1961, § 421-
.29).

3. STATUTES—FUNCTION OF COURT—WISDOM, POLICY, OR EQUITY.

Courts have no authority to pass upon the wisdom, policy, or
equity of legislation, and must not read into a statute pro-
visions which the legislature did not include.

4. UNEMPLOYMENT COMPENSATION—PURPOSE OF EMPLOYMENT SECU-
RITY ACT.

The employment security act was intended to assist persons un-
employed through no fault of their own and who are involun-
tarily unemployed because of conditions over which they have
no control (PA 1936 [Ex Sess], No 1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 48 Am Jur, Social Security, Unemployment Insurance, and
Retirement Funds § 34 *et seq.*
[3] 50 Am Jur, Statutes § 227 *et seq.*
[4] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
tirement Funds § 10.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

5. SAME—JAIL—DISCHARGE—DISQUALIFICATION FOR BENEFITS.

Employee who lost his job because of incarceration in jail for an assault and battery that was not connected with his employment *held*, absolutely disqualified from receiving unemployment compensation benefits (PA 1936 [Ex Sess], No 1, § 29m, as added by PA 1963, No 189).

6. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION—DISCHARGE—JAIL.

No costs are allowed on appeal from denial of unemployment compensation benefits to rehired employee who had been incarcerated in jail for assault and battery not connected with his employment, a public question being involved (PA 1936 [Ex Sess], No 1, § 29m, as added by PA 1963, No 189).

Appeal from Muskegon; Beers (Henry L.), J. Submitted Division 3 May 31, 1966, at Grand Rapids. (Docket No. 496.) Decided September 27, 1966. Leave to appeal denied by Supreme Court March 9, 1967. See 379 Mich 751.

Ben Alexander presented a claim for unemployment compensation benefits after his employment was terminated by Continental Motors Corporation. Claim denied by Michigan Employment Security Commission and its Appeal Board, which determination was upheld on certiorari in circuit court. Plaintiff appeals. Affirmed.

*Jerry S. McCroskey,* for plaintiff.

HOFFIUS, J. Plaintiff was employed at Continental Motors Corporation from 1951 until November 19, 1963, when he was arrested, charged with assault and battery, and sentenced to 60 days in jail. The arrest and conviction were not in connection with his employment. He served 50 days in jail.

After his failure to report for work for 3 days he was processed as a "voluntary quit" by his employer. On November 22, 1963, the employer was informed of the incarceration at plaintiff's request. After the employer confirmed this fact the employer changed the "voluntary quit" termination to a "discharge."

Upon his release from jail, plaintiff applied for reemployment. When employment was refused, he filed a claim for benefits. Benefits were denied under PA 1936 (Ex Sess), No 1, § 29m, as added by PA 1963, No 189 (Stat Ann 1963 Cum Supp § 17.531[1]),[1] and appeal was taken to the appeal board. At the hearing before the appeal board, plaintiff submitted the following letter:

"May 8, 1964

"To Whom It May Concern:
*"Dear Sir:*
"Mr. Ben Alexander, Jr. S. S. #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 has been restored his seniority of August 29, 1951, and is in the call back file of laid off employees as of April 6, 1964.

"The discharge written on the above named employee has been rescinded.

"Very truly yours,
CONTINENTAL MOTORS CORPORATION
(Signed) R. J. BENTON
R. J. Benton
Asst. Personnel Director"

The appeal board then referred the matter back to the referee for the purpose of taking additional testimony. At the hearing before the referee it appeared that the company and the bargaining committee of the union agreed upon a reinstatement of the plaintiff's full seniority, although he was suspended from all wages and benefits during the period from November 19, 1963 to April 6, 1964.

The referee modified the redetermination of the commission and held that plaintiff "lost his job by reason of being absent from work as a result of a violation of law for which he had been convicted and sentenced to 60 days in jail and is, therefore, disqualified for benefits under section 29m(a) of the act

[1] The above § 29m was repealed by PA 1965, No 281 and replaced by § 29(1) (Stat Ann 1965 Cum Supp § 17.531[1]).

from that date through the duration of his unemployment." This decision of the referee was affirmed by the appeal board and the circuit judge.

Section 29m of the employment security act provided (CL 1948, § 421.29m, as added by PA 1963, No 189 [Stat Ann 1963 Cum Supp § 17.531(1)]):

"(a) If an individual loses his job by reason of being absent from work as a result of a violation of law for which he has been convicted, and sentenced to jail or prison, such individual shall be disqualified for benefits for the week of such loss resulting from detention pursuant to sentence of any court and for the duration of his unemployment thereafter; and any wages earned prior to such loss with the employer involved therein, whether earned during the individual's base period or within his current benefit year, shall not be used as a basis for computing or paying benefits for any period subsequent to the time said disqualifying loss occurred.

"(b) Any reference in this act to section 29 of this act shall be construed to refer also to this section 29m.

"(c) The provisions of subsections (a) and (b) herein shall not be applicable when the conviction of any person has resulted in a sentence to a county jail under conditions of day parole as provided in Act No. 60 of the Public Acts of 1962, being sections 801.251 to 801.258 of the Compiled Laws of 1948.

"(d) The provisions of subsections (a) and (b) herein shall not be applicable when the conviction referred to in section 29m has been for a traffic violation that has resulted in an absence of less than 10 consecutive days from his place of employment."

The above section of the statute was evidently adopted by the legislature in 1963 as a result of the Supreme Court's decisions in *Thomas* v. *Employment Security Commission* (1959), 356 Mich 665, and *Sullivan* v. *Employment Security Commission* (1960), 358 Mich 338. In both of these cases the

Court determined that an employee who failed to report for work by reason of his confinement in jail was entitled to benefits and not disqualified under section 29(1)(a)(1) of the employment security act because he had not left his work voluntarily (CLS 1956, § 421.29 [Stat Ann 1957 Cum Supp § 17.531]).

It appears, therefore, that the legislature desired to change the effect of the decisions in *Thomas, supra* and *Sullivan, supra,* by the amendment in the statute. In sections 29m(c) and (d), the legislature specifically provided exceptions where the claimant is confined to a county jail under conditions of "day parole" or where the conviction has been for a traffic violation resulting in an absence of "less than 10 consecutive days." The legislature did not say that the provisions of section 29m would not be applicable if the employer later rescinded the discharge. In the instant case the rescission of the discharge was arrived at by negotiations between the union and the employer and came nearly 5 months after the discharge became effective. The legislature could easily have inserted as an additional ground an exception when a discharge is "subsequently reduced to disciplinary layoff or suspension." The legislature did this with regard to section 29(1)(e) which reads as follows (CL 1948, § 421.29, as amended by PA 1963, No 226 [Stat Ann 1963 Cum Supp § 17.531]):

"(1) An individual shall be disqualified for benefits: * * *

"(e) For the duration of his disciplinary layoff or suspension in all cases where the individual becomes unemployed because of a disciplinary layoff or suspension *or because of a discharge which is subsequently reduced to disciplinary layoff or suspension:* Provided, however, That said disciplinary layoff or suspension is based upon misconduct directly or indirectly connected with the claimant's work." (Emphasis supplied.)

It follows, therefore, that the legislature did not desire to change the status of the employee who loses his job because of an incarceration. Absent statutory language to the contrary, "discharge" means "loses his job" as used in section 29m, *supra*. In *Thomas* v. *Employment Security Commission, supra,* p. 669, it is stated:

"It is not the proper function of the court to amend the statute to broaden or extend the disqualifications fixed, in plain language, by the legislature. Whether one in claimant's situation ought to be disqualified is a question of policy for the legislature, not a judicial question to be determined by the court."

Courts have no "authority to pass upon the wisdom, policy, or equity of legislation." *Wojewoda* v. *Employment Security Commission* (1959), 357 Mich 374, 379.

Furthermore, a court must not read into a statute provisions which the legislature did not include. In *Ford Motor* v. *Unemployment Compensation Commission* (1947), 316 Mich 468, 473, the Court, speaking about the employment security act, stated:

"It was intended to assist unemployed persons who, under the limitations and conditions imposed by the legislature, are entitled to the benefits of the act. The court is not at liberty to read into the statute provisions which the legislature did not see fit to incorporate, nor may it enlarge the scope of its provisions by an unwarranted interpretation of the language used."

The act was adopted for the benefit of "persons unemployed through no fault of their own" and who are "involuntarily unemployed" because of "conditions over which they have no control." *Dwyer* v. *Unemployment Compensation Commission* (1948),

321 Mich 178, 188; *I. M. Dach Underwear Co.* v. *Employment Security Commission* (1956), 347 Mich 465, 472.

Plaintiff is responsible for his own confinement because of his voluntary acts which caused him to "lose his job."

This Court concludes that the discharge of an employee for incarceration is an absolute disqualification and not something which the employer and the union could later negate by agreement.

The agreement which restored his seniority and attempted to rescind the discharge was in effect a rehiring or reemployment of a discharged employee. Having lost his job, plaintiff is disqualified under section 29m.

Judgment affirmed. No costs, a public question being involved.

HOLBROOK, P. J., and BURNS, J., concurred.