ECHOLS v. EMPLOYMENT SECURITY COMMISSION.

1. Unemployment Compensation—Voluntary Leaving—Loss of Driver's License—Taxi Driver.
   Taxicab driver whose driver's license was suspended for 90 days because he accumulated excessive points had lost a prerequisite of his employment and his leaving is voluntary without good cause attributable to his employer (CLS 1961, § 421.29).

2. Same—Appeal Board—Disqualification for Benefits.
   Decision of appeal board of Michigan employment security commission denying unemployment compensation because of disqualification for benefits is affirmed, where appellant fails to show that it violates either express language or policy of the employment security act (CLS 1961, § 421.29).

3. Costs—Public Question—Statutory Construction.
   No costs are allowed on appeal in a proceeding to determine whether taxicab driver, whose driver's license was suspended, left employment voluntarily without good cause attributable to employer, a question of public nature being involved (CLS 1961, § 421.29).

---

References for Points in Headnotes
[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 35.
[2] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 49.
[3] 5 Am Jur 2d, Appeal and Error § 1009.

Appeal from Wayne; Wise (John M.), J. Submitted Division 1 April 6, 1966, at Detroit. (Docket No. 604.) Decided September 13, 1966. Rehearing denied October 26, 1966. Leave to appeal granted by Supreme Court January 17, 1967. See 378 Mich 748, 380 Mich 87.

Bruce Echols appealed to Wayne circuit court from a decision of the appeal board of the Employment Security Commission denying him unemployment compensation. The circuit court affirmed the appeal board. Claimant appeals. Affirmed.

*Henry Glicman (Stephen I. Schlossberg, John A. Fillion, Bernard F. Ashe, and Jordan Rossen, of counsel), for plaintiff.*

*Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, Edward J. Setlock, Assistant Attorney General, for Employment Security Commission.*

McGregor, J. The issue here is whether or not a taxi driver who is unemployed because he has lost his license to drive is entitled to unemployment compensation. The employment security appeal board unanimously held as follows:

"This matter came on for review by the appeal board on February 14, 1964. The employer appealed from a referee's decision which held that the claimant was not disqualified for benefits and was further eligible for benefits under section 28(c) of the act if otherwise eligible.

"The facts in this matter are not in dispute. The claimant was hired as a cab driver on November 2, 1960, and assigned to Jack Kraus as his employer. He continued in such occupation until August 31, 1963. On August 13, 1963, the claimant was notified to report to the secretary of State's office for an investigation and hearing on why his license to operate a motor vehicle should not be revoked for an accu-

mulation of excessive points under the system employed by such agency. On September 1, 1963, the claimant was formally notified that his license had been revoked for 90 days. Inasmuch as the claimant needed an operator's license to pursue his occupation of a cab driver, he no longer reported to the employer's establishment, but instead, filed an application for unemployment benefits on September 11, 1963.

"The first issue in this matter is whether or not the claimant voluntarily left his work on September 1, 1963, without good cause attributable to the employer so as to be disqualified for benefits under section 29(1)(a)(1) of the act. The secondary issue is whether or not the claimant, if not disqualified, was able and available to perform full time work so as to be eligible for benefits under section 28(c) of the act.

"The referee in this matter has held that the claimant did not as a matter of fact voluntarily leave his work. In so holding the referee found that the claimant's separation fell within the doctrine of a 'constructive voluntary leaving' and, since such doctrine has not been accepted by the Supreme Court of this State, the claimant could not be disqualified from receiving benefits under section 29(1)(a)(1) of the act.

"The appeal board cannot agree with certain findings of the referee and can also not agree with his ultimate holding that the claimant could not be disqualified. The referee stated in his decision that the 'employer therefore was unable to continue him in employment'. It is the opinion of this appeal board that it was the claimant, through the loss of his operator's license, who was unable to continue in employment. The employer at all times would have retained the claimant if he had been able to drive a taxi. We believe that the claimant's separation in this matter was caused solely by his loss of certain prerequisites which were necessary for his continued employment. At the time the claimant entered into

a contract of hire with this employer, a condition precedent was imposed that the claimant must at all times have a license to operate a motor vehicle. This condition is analogous to the prerequisite that a messenger boy have a bicycle to make his deliveries or that a skilled laborer possess certain specialized tools in order to properly perform his chosen occupation. The appeal board has ruled on several occasions that the loss of a claimant's prerequisites for continued employment, especially through his own negligence, is a voluntary leaving without good cause attributable to the employer. The most recent decision by the appeal board was In the Matter of the Claim of Steve Leslie, Appeal Docket No. B62–3769–29019. In that matter, the claimant, who was a fence erector, was hired with a condition precedent that he must furnish his own truck to report to the various job sites. The claimant lost his means of transportation to the various sites through no fault attributable to the employer and, when he could no longer transport his equipment to the job sites, he left his work. The appeal board held that such leaving was voluntary and without good cause attributable to the employer. In the instant matter, the claimant lost his operator's license through no fault of the employer and it is our opinion that his leaving was not constructive but purely a voluntary leaving and he should be disqualified. On the basis of this finding, the decision of the referee cannot be sustained.

"The decision of the referee is hereby reversed.

"It is held that the claimant voluntarily left his work on September 1, 1963, without good cause attributable to the employer and he is therefore disqualified for the duration of his unemployment under the provisions of section 29 (1)(a)(1) of the act."

On appeal to the circuit court for the county of Wayne, the circuit judge affirmed the decision of the appeal board on the grounds that it was not contrary to law or fact, without further written opinion.

The claimant, who is plaintiff-appellant herein, first of all contends that the decision of the appeal board holding him disqualified under CLS 1961, § 421.29(1)(a)(1) (Stat Ann 1960 Rev § 17.531[1] [a][1]), has applied the doctrine of constructive voluntary quit in violation of *Thomas* v. *Employment Security Commission* (1959), 356 Mich 665. In the *Thomas* case, the claimant lost his job because he was jailed for driving an automobile without a license. The court held that he was entitled to compensation for the period after his release from jail, on the grounds that his unemployment was not due to leaving work voluntarily. The *Thomas* case was followed on similar facts in *Sullivan* v. *Employment Security Commission* (1960) 358 Mich 338.

In *Wickey* v. *Employment Security Commission* (1963), 369 Mich 487, it was held that a fire patrolman on a Great Lakes passenger cruise ship, who was discharged because he missed his boat, was disqualified from receiving unemployment compensation not because he voluntarily left his employment, but because he was guilty of misconduct.

It is clear that these cases, relied upon by the claimant, are all distinguishable on their facts. In the instant case, the defendant was out of work, not because he was physically detained against his will, or because he carelessly missed his ship, but because he, by his own actions, had lost a prerequisite for his employment as a taxicab driver. Unfortunately, in *Phillips* v. *Employment Security Commission,* 373 Mich 210, the decision denying the taxicab driver compensation was reached without any precedential statement of reason, since the opinions written by two of the justices of the majority received no concurrences.

Since the claimant, on appeal, has failed to show that the decision of the employment security appeal board, affirmed by the circuit court, violates either

the express language or policy of the employment security act, or the judicial precedents of the State, this Court will not upset the decision of the appeal board.

The judgment of the circuit court is affirmed. No costs are awarded because of the public nature of the questions involved.

J. H. Gillis, P. J., and Holbrook, J., concurred.