ECHOLS *v.* EMPLOYMENT SECURITY COMMISSION.

DISSENTING OPINION.

T. M. KAVANAGH, SOURIS, and ADAMS, JJ.

1. UNEMPLOYMENT COMPENSATION—FINDING OF FACTS—EVIDENCE—LEGAL CONCLUSIONS.

> *Findings of fact, of the employment security commission appeal board, if supported by the great weight of the evidence, and legal conclusions of the board that are sound, must be affirmed by the Supreme Court, but, if either the findings of fact or legal conclusions are erroneous, then the Supreme Court must reverse.*

2. SAME—TAXICAB DRIVER—SUSPENSION OF OPERATOR LICENSE—VOLUNTARY QUIT.

> *Unemployment compensation benefits were improperly denied to taxicab driver and his earned credits improperly canceled because of suspension of his license to operate a motor vehicle, where record discloses plaintiff and his employer would have continued the employment relation but for the suspension, since plaintiff did not leave his work voluntarily within the meaning of the employment security act (CLS 1961, § 421.29, as amended by PA 1963, No 226).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds § 49.

[2, 3] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 34, 38.

[4–6] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds §§ 34, 35, 38.

[7] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds §§ 46, 49, 50.

[8] 5 Am Jur 2d, Appeal and Error § 1009.

3. Same—Constructive Voluntary Leaving.

> The doctrine of "constructive voluntary leaving" by which an employee is deemed to have voluntarily left his employment, when he loses a prerequisite of employment, thereby precluding continued performance of his work, cannot be invoked legally in this State, by whatever name it is disguised, to deny a claimant unemployment compensation benefits (CLS 1961, § 421.29, as amended by PA 1963, No 226).

### Opinion of the Court.

4. Unemployment Compensation—Loss of Prerequisites for Employment—Negligence—Voluntary Leaving.

> Loss of claimant's prerequisites for continued employment, especially through his own negligence, constituted a voluntary leaving without good cause attributable to the employer and disqualified the claimant for unemployment compensation (CLS 1961, § 421.29).

5. Same—Loss of Operator's License—Voluntary Leaving.

> Claimant, a taxicab driver, should be disqualified from unemployment compensation benefits, where he lost his motor vehicle operator's license through no fault of the employer and his leaving was not constructive but purely a voluntary leaving (CLS 1961, § 421.29).

6. Same—Loss of Driver's License—Intention of Unemployment Compensation Act.

> To say that a man who violates the law and lost his driver's license as a result of his negligence, should be paid unemployment benefits, goes far beyond the intention of the unemployment compensation act (CLS 1961, § 421.29).

7. Same—Employment Security Appeal Board.

> A decision of the employment security appeal board will not be upset, where claimant, on appeal, has failed to show that it violates either the express language or policy of the employment security act, or the judicial precedents of the State.

8. Costs—Public Question—Statutory Construction.

> No costs are allowed on appeal in a proceeding to determine whether taxicab driver, whose driver's license was suspended, left employment voluntarily without good cause attributable to employer, a question of public nature being involved (CLS 1961, § 421.29).

Appeal from Court of Appeals, Division 1, J. H. Gillis, P. J., and McGregor and Holbrook, JJ.,

affirming Wayne, Wise (John M.), J.    Submitted
December 6, 1967.    (Calendar No. 40, Docket No.
51,638.)    Decided February 9, 1968.

4 Mich App 173, affirmed.

Bruce Echols appealed to Wayne circuit court
from a decision of the appeal board of the Employ-
ment Security Commission denying him unemploy-
ment compensation.    The circuit court affirmed the
appeal board.    Claimant appealed to Court of Ap-
peals.    Affirmed.    Claimant appeals.    Affirmed.

*Henry Glicman (Steven I. Schlossberg, John A.
Fillion, Bernard F. Ashe, Jordan Rossen,* and
*Michael S. Friedman,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Edward J.
Setlock,* Assistant Attorney General, for Employ-
ment Security Commission.

SOURIS, J. *(dissenting).*    Our task on this appeal
is to review a circuit judge's affirmance of the em-
ployment security commission appeal board's deci-
sion that plaintiff be disqualified from receiving
unemployment compensation benefits and his pre-
viously earned benefit year credits be canceled
because he voluntarily left his work within the
meaning of former section 29(1)(a)(1) of the em-
ployment security act.[1]    The Court of Appeals
affirmed.    4 Mich App 173.    If the appeal board's
findings of fact are supported by the great weight

---

[1] "Sec. 29.    (1) An individual shall be disqualified for benefits:
"(a) For the duration of his unemployment in all cases where
the individual has:  (1) Left his work voluntarily without good
cause attributable to the employer or employing unit."   CLS 1961,
§ 421.29 (Stat Ann 1960 Rev § 17.531).   This section was amended
by PA 1963, No 226; PA 1965, No 281; and PA 1967, No 254.

of the evidence and if its legal conclusions are sound, then the circuit judge's affirmance by the Court of Appeals must, in turn, be affirmed by us, but, if either its findings of fact or its legal conclusions are erroneous, then, we must reverse. See *Wickey* v. *Employment Security Commission* (1963), 369 Mich 487, 489–493, 499 and 500.

The testimonial record made before the referee discloses that plaintiff was a taxicab driver employed by defendant John Kraus. He testified that in September of 1963, his motor vehicle operator's license was suspended for 90 days because he had accumulated a total of "12 points or more"[2] and that, therefore, he could not continue his work as a taxicab driver. His employer's representative at the hearing stated that plaintiff would be put back to work "as soon as he gets his license back". A form filed by the employer with the commission[3] stated that "the claimant was never checked out and may return to work at any time, if he has his license and his 1963 PV's".

It should be noted that this plaintiff was not discharged from his job by his employer and that, therefore, unlike the otherwise factually similar case of *Phillips* v. *Employment Security Commission* (1964), 373 Mich 210, the misconduct discharge disqualification of section 29(1)(a)(2)[4] is inapplicable to this case. Neither the referee nor the appeal board found that plaintiff had been discharged, let alone for misconduct, nor could such a finding of fact have been made in light of the evidence summarized above. This case, then, must

---

[2] See CLS 1961, § 257.320 (Stat Ann 1960 Rev § 9.2020).

[3] Admitted in evidence before the referee as Exhibit 7.

[4] "Sec. 29. (1) An individual shall be disqualified for benefits: "(a) For the duration of his unemployment in all cases where the individual * * *: * * * (2) has been discharged for misconduct connected with his work." CLS 1961, § 421.29 (Stat Ann 1960 Rev § 17.531). This section was amended by PA 1963, No 226; PA 1965, No 281; and PA 1967, No 254.

turn upon the legal propriety of the appeal board's ruling that plaintiff was disqualified for benefits and his previously earned benefit year credits canceled because he left his work voluntarily without good cause attributable to his employer.

The record discloses that plaintiff's temporary unemployment did not result because he quit his job. It is perfectly clear from the evidence that plaintiff would have continued to drive his employer's taxicab, and his employer would have been pleased to have him do so, but for the fact that plaintiff no longer could do so legally during the 90 days his license remained suspended. Nonetheless, the appeal board ruled that plaintiff had voluntarily left his employment without fault attributable to his employer and was, therefore, subject to the disqualifying penalties of section 29(1)(a)(1).

It reached this conclusion by reasoning, without citation of precedential authority, that when an employee loses a prerequisite of employment, thereby precluding continued employment, the employee is deemed to have voluntarily left his employment. While the appeal board denied that it was applying the doctrine of "constructive voluntary leaving", it applied nothing more nor less even in the face of this Court's repeated rejection of the doctrine. *Copper Range Company* v. *Unemployment Compensation Commission* (1948), 320 Mich 460; *Thomas* v. *Employment Security Commission* (1959), 356 Mich 665; and *Sullivan* v. *Employment Security Commission* (1960), 358 Mich 338. Until those cases are overruled by this Court or until the legislature changes the law, the doctrine of "constructive voluntary leaving" cannot be invoked legally in this State, by whatever name it is disguised, to deny a claimant unemployment compensation benefits.

This is not to say that an employee's voluntary surrender of a prerequisite to employment, for example, a driver's license, would never justify a finding that the employee voluntarily left his work. But, the evidentiary record, at the very least, must support a fact finding that the employee acted voluntarily. Such a fact finding in this case was legally untenable, the record considered; and the appeal board carefully avoided making such a finding. Instead, it applied the doctrine of "constructive voluntary leaving", a doctrine this Court has rejected expressly.

Furthermore, even if the rejected doctrine were the law of this State, this record contains no evidence whatever that plaintiff's employment was expressly conditioned, as the appeal board found as a fact that it was, upon his continuing to possess a driver's license. Nor does the record contain any evidence from which the appeal board could find, as it did, that plaintiff's license was suspended "through no fault of the employer". The record, on that issue, is mute.

For the foregoing reasons, the circuit court should have reversed the appeal board's decision. The Court of Appeals decision should, therefore, be reversed and plaintiff should have his costs.

T. M. Kavanagh, and Adams, JJ., concurred with Souris, J.

Kelly, J. Quoting from the decision of the appeal board:

"The appeal board has ruled on several occasions that the loss of a claimant's prerequisites for continued employment, especially through his own negligence, is a voluntary leaving without good cause attributable to the employer. * * * In the

instant matter, the claimant lost his operator's license through no fault of the employer and it is our opinion that his leaving was not constructive but purely a voluntary leaving and he should be disqualified.  *  *  *

"It is held that the claimant voluntarily left his work on September 1, 1963, without good cause attributable to the employer and he is therefore disqualified for the duration of his unemployment under the provisions of section 29(1)(a)(1) of the act."*

Agreeing with the appeal board, the Wayne county circuit court stated:

"The employee, because of his negligent operation of an automobile, was unable to obtain a license from the secretary of State's office, and it was incumbent upon him to have a license to be employed.

"Now if you want this court to put the stamp of approval on unemployment benefits for a man who had been violating the law and say that a man who violates the law and lost his license as a result of his negligence, should be paid unemployment benefits, this goes far and beyond what the intention of the unemployment compensation act was."

Quoting from the opinion of the Court of Appeals (4 Mich App 173, 177–178):

"Since the claimant, on appeal, has failed to show that the decision of the employment security appeal board, affirmed by the circuit court, violates either the express language or policy of the employment security act, or the judicial precedents of the State, this Court will not upset the decision of the appeal board."

---

* CLS 1961, § 421.29 (Stat Ann 1960 Rev § 17.531). This section has been amended by statutes effective after September 1, 1963, by the following: PA 1963, No 226; PA 1965, No 281; and PA 1967, No 254.

I agree with the decisions of the appeal board, the circuit court, and the Court of Appeals.

Affirmed. No costs, because of the public nature of the question involved.

DETHMERS, C. J., BLACK, O'HARA, and BRENNAN, JJ., concurred with KELLY, J.