In the Matter of the Claims of CLARAMMA MICHAEL et al., Respondents. LONG ISLAND COLLEGE HOSPITAL, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

In the Matter of the Claim of EVELYN MICHEL, Respondent. PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, January 19, 1978

### APPEARANCES OF COUNSEL

*Kelley, Drye & Warren (Paul L. Bressan* of counsel), for Long Island College Hospital, appellant.

*Simpson, Thacher & Bartlett (James S. Frank* of counsel), for Presbyterian Hospital in the City of New York, appellant.

*Zelman & Zelman (Irving P. Zelman* of counsel), for Claramma Michael and others, respondents.

*James W. Cooper* for Evelyn Michel, respondent.

*Louis J. Lefkowtiz, Attorney-General (Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for Industrial Commissioner, respondent.

### OPINION OF THE COURT

MAHONEY, J.

These are appeals by the Long Island College Hospital and the Presbyterian Hospital of the City of New York from decisions of the Unemployment Insurance Appeal Board, filed October 14, 1976, November 9, 1976 and October 7, 1976, respectively, which affirmed separate decisions of a referee holding claimants Michael, Mathai and George, who were employees of Long Island College Hospital, and claimant Evelyn Michel, who was an employee of the Presbyterian Hospital of the City of New York, eligible for unemployment benefits.

These cases were consolidated for appeal purposes since they involve similar questions of law and fact.

The question posited in each case is whether failure to adequately prepare for permanent licensure by permit nurses, and their resultant failure, on three occasions, to pass the requisite examination, is conduct that provoked discharge and consequent ineligibility for unemployment benefits. Four referees held that the claimants were not guilty of misconduct and that employment ended under nondisqualifying conditions (Labor Law, § 593). Each hearing officer concluded that claimants' failure to pass the licensing examination was not due to any willful act or omission, but, rather, that each could not meet the professional standards for licensing in the nursing profession.

■ We turn first to the question framed above, i.e., whether all four claimants' failure to enroll in review courses and to

accept tutoring prior to taking the requisite written examination (Education Law, § 6905) for the first time, and, after examination failure, to review the subject materials only in a limited manner, was the type of conduct which transgressed a legitimate obligation and left their employers no choice but to discharge them. In other words, did their conduct provoke their discharge.

In *Matter of De Grego (Levine)* (39 NY2d 180, 183), the Court of Appeals refined the doctrine of provoked discharge to those instances "where an employee *voluntarily* engages in conduct which transgresses a legitimate known obligation and leaves the employer no choice but to discharge him." (Emphasis added.) The court, referring to its prior decision in *Matter of James (Levine)* (34 NY2d 491), made it clear that provoked discharge would be sustained only where (pp 183-184) *"the employer has no range of discretion but was compelled to terminate employment."* (Emphasis added.) Thus, it is clear that employee conduct must be *voluntary,* must *transgress a legitimate known obligation* and must leave the employer with *no choice* but to discharge the employee (see *Matter of Hulse [Levine],* 41 NY2d 813), before the doctrine of provoked discharge can be invoked. Applying such criteria to the facts herein compels the conclusion that these employees did not provoke their discharge. While it is clear that claimants had a "legitimate known obligation" to their employers, particularly since the continued employment of each was expressly conditioned upon licensing, and the employers had no "choice" but discharge when claimants failed to become licensed, it is also clear that the subject employees did not consciously intend to fail the requisite examination. While their conduct in preparing for the examination might be deemed to have been casual, even careless or negligent in light of available means to review, the fact remains that each was a professional school graduate with a year of hospital experience, and each had committed four years preparatory to a career in nursing. Such preparation, while found to be inadequate as to these employees, cannot be equated with a volitional pattern of conduct designed to fall short of final achievement.

Next, the board's finding in each case that the credible evidence established that claimants' failure to pass the licensing examination was not due to any willful act or omission, is supported by substantial evidence and must be affirmed *(Mat-*

*ter of Fisher [Levine],* 36 NY2d 146). Appellants' argument that benefits paid to discharged employees where the State, as here, forces the employer to terminate their employment for failure to obtain the requisite license, creates an "objective" standard that should compel disqualification in order to avoid increasing the employer's reimbursement payments to the unemployment fund, must be rejected. The board, and this court, must confine review to "subjective" standards raised at hearing and cannot indulge consequences that might flow from the determination reached.

The decisions should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, KANE and MAIN, JJ., concur.

Decisions affirmed, without costs.