■ In the Matter of the Claims of RAYMOND BRIEN et al., Respondents. UNITED STATES POSTAL SERVICE, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeals from decisions of the Unemployment Insurance Appeal Board, filed October 2, 1978, June 1, 1978 and November 7, 1977. The board has held in these claims that the claimants were not guilty of misconduct or otherwise disqualified from benefits. The claimants were employed as postal clerks by the United States Postal Service and were required to demonstrate their ability to "sort" or route mail in accordance with its destination (zip codes and zones) by memorizing certain schemes or plans and then achieving a minimum score on testing. Each claimant had originally passed the tests but eventually, upon being assigned new "schemes" to memorize, they failed to pass tests. Each claimant was discharged from employment because of such failure in accordance with the employer's rules and regulations. It appears that the claimant Brien had been employed for about four and one-half years, the claimant Heyman also about four and one-half years, the claimant Kennedy for about four and three-fourths years, and the claimant Adamy about four years. The employer makes no contention that the particular "schemes" or testing which each claimant failed to memorize or pass had any connection with the work performance of the claimants in the jobs they held at the time of such failure. Indeed, the employer in its brief details the particular "schemes" as simply being in the nature of mental exercises having no relevance to the particular employment as performed by the claimant. For aught that appears, this is a case of testing simply for the sake of testing and, of course, the content of the testing was memorization. The employer contended before the administrative agency that the evidence established that the claimants either deliberately did not study and try to pass or were grossly negligent. The weighing of the evidence and drawing inferences therefrom are within the province of the board as the ultimate fact-finder. The employer did not produce any direct evidence of misconduct and the record is devoid of any other basis for a disqualification from benefits. While the employer was undoubtedly entitled to discharge the claimants for a failure to meet conditions of the employment, the circumstances are not such as to deny benefits. *(Matter of Hulse [Levine]*, 41 NY2d 813, 814; *Matter of James*

*[Levine]*, 34 NY2d 491; *Matter of De Grego [Levine]*, 39 NY2d 180, 184.) The issues herein were rejected in the case of *Matter of Michael (Long Is. Co.. Hosp.—Ross)* (60 AD2d 438) and fail to raise any sound basis for relief. Decisions affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.