172 N.J. Super. 465 (1980)
412 A.2d 1053
SUSAN MEANS, CLAIMANT-RESPONDENT, AND BOARD OF REVIEW, OFFICE OF HEARINGS, APPEALS AND REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT,
v.
HAMILTON HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 3, 1980.
Decided March 18, 1980.
*466 Before Judges ALLCORN, MORGAN and FRANCIS.
Laurence Reich argued the cause for appellant (Carpenter, Bennett & Morrissey, attorneys).
Jerome A. Ballarotto, Deputy Attorney General, argued the cause for respondent Board of Review (John J. Degnan, Attorney General, attorney; Michael S. Bokar, Deputy Attorney General, of counsel; Mark I. Siman, Deputy Attorney General, on the brief).
No brief was filed by or on behalf of respondent Means.
The opinion of the court was delivered by ALLCORN, P.J.A.D.
We concur in the conclusions of the Appeal Tribunal, approved by the Board of Review, holding that the claimant was discharged by the hospital and that she did not leave work "voluntarily without good cause attributable to such work." N.J.S.A. 43:21-5(a). This, despite the fact that the hospital was compelled to discharge her from her job as a licensed practical nurse, by virtue of the regulations of the New Jersey Board of Nursing, N.J.A.C. 13:37 9.5(a), (b), when she failed to pass the second of two consecutive licensing examinations, and there being no other jobs available. Quite plainly, the claimant had no intention of resigning or quitting, as the Appeal Tribunal found; her employment was terminated by the hospital. In such circumstances, the claimant was eligible for benefits. Compare Michael v. Long Island College Hospital, 60 A.D.2d 438, 401 N.Y.S.2d 591 (App.Div. 1978), leave to app. den. 45 N.Y.2d 708, 409 N.Y.S.2d 1026, 381 N.E.2d 614 (Ct.App. 1978).
*467 In our view, neither Echols v. Michigan Empl. Secur. Comm'n, 380 Mich. 87, 155 N.W.2d 824 (Sup.Ct. 1968), nor Przekaza v. Employment Secur. Dep't, 392 A.2d 421 (Vt.Sup.Ct.), is here apposite. Both cases concern the right of chauffeurs to unemployment benefits after their discharge because of job disqualification due to revocation of driving license as a result of voluntary and deliberate violations of the traffic laws  which reach results contrary to one another. Nor do we subscribe to the philosophy or interpretation of the Tennessee Court of Appeals in its unreported decision of Cranford v. Parker, filed November 20, 1979.
Accordingly, the determination of the Board of Review is affirmed.