■ In the Matter of the Claim of PAULINE STECKEL, Respondent. NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 31, 1983, which ruled that claimant was entitled to receive benefits. ¶ Claimant, an office aide, was terminated by the New York City Taxi and Limousine Commission because she failed to join the city's retirement system. Initially, for about a month, claimant's status with the commission was that of a provisional employee. However, on November 23, 1981, having passed the civil service examination for her position, she received and ultimately accepted a permanent appointment as an office aide with the commission. Shortly thereafter, she was informed that as a permanent employee it was now incumbent upon her to become a member of the pension system and to contribute 3% of her salary to the system. The employer's representative advised claimant that the mandatory retirement age was 70 and that unless she worked at least 10 years, she could draw no pension benefits. This was a misperception, for employees attaining the mandatory retirement age are permitted to collect benefits after only five years of service. Confronted with this misinformation, claimant, who was then 63 years of age and of the erroneously induced view that because of her age she could not collect pension benefits, declined to participate in the pension system. When attempts by the employer to have her relieved of the need to join the system proved unavailing, she was told that if she persisted in noncomplying she would be removed. Claimant was then given the opportunity, which she exercised, to reject the permanent appointment. Claimant thereupon continued in the commission's employ, as a provisional employee, until February 26, 1982, when she was dismissed. ¶ The employer contends that claimant's refusal to join the city's retirement system constituted a provoked discharge. To invoke this closely circumscribed legal fiction, it must appear that the employee voluntarily engaged in conduct which transgresses a legitimate obligation, leaving the employer with no option but to discharge him (*Matter of De Grego [Levine],* 39 NY2d 180, 183; *Matter of Michael [Long Is. Coll. Hosp. — Ross],* 60 AD2d 438). Initially, we note that claimant was not even made aware, before she accepted the permanent position, that joining the

pension system was one of her obligations (cf. *Matter of Malaspina [Corsi]*, 309 NY 413, 416). Furthermore, she testified that had she been furnished correct information regarding the pension benefits which could have accrued to her despite her age, she probably would have joined and the employer would not have been compelled to terminate her. Inasmuch as her unwillingness to join can be said to have been caused by the employer's error, bringing about her own discharge cannot fairly be ascribed to her. The board's decision, finding that claimant's employment did not end under disqualifying conditions, should, therefore, be upheld. ¶ Decision affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.