LEESEBERG v SMITH-JAMIESON, INC

Docket No. 84617. Submitted December 5, 1985, at Lansing.—Decided February 19, 1986.

Claimant, Judy Leeseberg, was employed as a nurse's aide at a nursing home operated by Smith-Jamieson, Inc. When her husband was seriously injured, requiring care at home, she requested an indefinite leave of absence from her employer so that she could care for her husband. Her request was denied. Approximately one month later, when she advised her employer that she wished to return to work, she was informed that her position had been filled and that her employment had been terminated. Leeseberg then filed a claim for unemployment compensation benefits. A referee and the Employment Security Commission Board of Review each found that the claimant was disqualified from receiving benefits because she had voluntarily left her work without good cause attributable to her employer. Claimant appealed to the Alcona Circuit Court, which affirmed, Joseph P. Swallow, J. Claimant appealed. *Held:*

1. An employee may be deemed to have left work voluntarily when the employee deliberately fails to report to work for compelling personal reasons with foreknowledge that the employment may be terminated. The claimant herein was found to have been informed that her continued absence would result in termination.

2. Although claimant's choice, to stay home and care for her husband, was prompted by compelling personal reasons, a good personal reason does not equate with good cause attributable to the employer under the applicable statute. The claimant was properly found to have left work voluntarily without good cause attributable to her employer.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — APPEAL.

The Court of Appeals may reverse a determination of the Em-

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 59-67, 93, 94.
See the annotations in the ALR3d/4th Quick Index under Unemployment Compensation.

ployment Security Commission Board of Review only if it finds that the order or decision is not supported by competent, material and substantial evidence or is contrary to law (MCL 421.38; MSA 17.450).

2. UNEMPLOYMENT COMPENSATION — VOLUNTARILY LEAVING WORK — DISQUALIFICATION FOR BENEFITS.

A person is disqualified from receiving unemployment benefits if that person left work voluntarily without good cause attributable to the employer; the question of whether an employee left work "voluntarily" is a matter of law (MCL 421.29[1][a]; MSA 17.531[1][a]).

3. UNEMPLOYMENT COMPENSATION — VOLUNTARILY LEAVING WORK — PERSONAL REASONS.

An employee's good personal reason for leaving work does not equate with good cause attributable to the employer for purposes of unemployment compensation.

*Robert L. O'Connell & Associates* (by *Dan S. Barett),* for claimant.

*Wenzel & McGinn* (by *Karen Jo McGinn),* for Smith-Jamieson, Inc.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Donna K. Welch,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: CYNAR, P.J., and WAHLS and GRIBBS, JJ.

PER CURIAM. This is an appeal as of right from an order of the circuit court affirming a decision of the Michigan Employment Security Commission Board of Review which upheld the finding of the referee that claimant was disqualified from receiving unemployment compensation benefits pursuant to MCL 421.29(1)(a); MSA 17.531(1)(a).

Claimant was employed as a nurse's aid at a nursing home operated by Smith-Jamieson, Inc.

On August 12, 1983, claimant telephoned her employer and indicated that she was not able to report to work because her husband had sustained serious injuries in a bulldozer accident and it was necessary that she remain home to care for him. Four days later, she again called her employer to request an indefinite leave of absence to care for her husband. The employer denied the request. Claimant remained off work until September 19, 1983, when she called the nursing home and advised that she wished to return to work. At that time, claimant was informed that her position had been filled and her employment had been terminated.

Claimant contends that she was not advised that her employment would be terminated if she did not report to work. On the other hand, the employer asserts that claimant was told that her position could not be held open and that a replacement would be hired. The referee denied her claim for unemployment compensation on the basis that she voluntarily quit her employment without good cause attributable to the employer. He found that since claimant was informed that her continued absence would result in termination, her decision to remain home constituted a voluntary termination. The question raised by claimant is whether, on the facts of this case, she voluntarily left her employment.

This Court may reverse a determination of the Michigan Employment Security Commission Board of Review only if it finds that the order or decision is not supported by competent, material and substantial evidence or is contrary to law. MCL 421.38; MSA 17.540; *Lucas v Employment Security Comm,* 132 Mich App 232; 347 NW2d 25 (1984), *lv den* 419 Mich 903 (1984). The question of whether an employee left work "voluntarily" is a matter of

law. *Laya v Cebar Construction Co,* 101 Mich App 26; 300 NW2d 439 (1980).

MCL 421.29(1)(a); MSA 17.531(1)(a) provides that an employee is disqualified from receiving unemployment benefits if the individual "[l]eft work voluntarily without good cause attributable to the employer or employing unit". The issue presented by this case is whether an employee may be deemed to have "left work voluntarily" when she deliberately fails to report to work for compelling personal reasons with foreknowledge that her employment may be terminated if she fails to report. We conclude that the language of the statute requires us to affirm the commission's decision.

The Legislature's use of the term "voluntary" is clear and requires application. Although we sympathize with claimant's plight and recognize the harshness of our result, we are not at liberty to read into the statute provisions which the Legislature did not elect to incorporate nor may we broaden the scope of the statute by an unwarranted interpretation of the language used. *Ford Motor Co v Unemployment Compensation Comm,* 316 Mich 468, 473; 25 NW2d 586 (1947). "Voluntary" connotes a choice between reasonable alternatives. *Lyons v Employment Security Comm,* 363 Mich 201, 216; 108 NW2d 849 (1961), EDWARDS, J., dissenting.

Here, claimant was faced with returning to work and retaining employment or staying home to care for her husband and risking possible discharge. She chose to face termination because she wanted to care for her injured husband. While claimant's choice was prompted by compelling personal reasons, a good personal reason does not equate with good cause under the statute. *Saginaw v Lindquist,* 139 Mich App 515, 523; 362 NW2d 771 (1984). Compare, *Laya v Cebar Const Co, supra.* In our

opinion, claimant left work voluntarily without good cause attributable to the employer.

Claimant also argues that the employer failed to establish that claimant was guilty of misconduct. However, at no time did the employer or the Michigan Employment Security Commission suggest that claimant's discharge was for misconduct. This claim is without merit.

Affirmed.