CLARKE v NORTH DETROIT GENERAL HOSPITAL

DAWSON v DETROIT RECEIVING HOSPITAL

Docket Nos. 99351, 101176. Submitted December 14, 1988, at Detroit. Decided May 31, 1989.

Edna T. Clarke, employed by North Detroit General Hospital as a graduate nurse with a temporary license, was dismissed pursuant to hospital policy after she failed the state licensing examination for registered nurses. Clarke applied for unemployment benefits. A hearing referee of the Michigan Employment Security Commission ruled that Clarke was not disqualified from receiving benefits pursuant to § 29(1)(a) of the Michigan Employment Security Act, which provides that an individual shall be disqualified from benefits where the individual left work voluntarily without good cause attributable to the employer. The Michigan Employment Security Board of Review reversed the referee's decision. The Wayne Circuit Court, James E. Mies, J., affirmed the review board's decision. Clarke appealed to the Court of Appeals.

Toni R. Dawson, employed by Detroit Receiving Hospital as a graduate nurse with a temporary license, was dismissed pursuant to hospital policy after she failed the state licensing examination for registered nurses. Dawson applied for unemployment benefits. An MESC referee denied the application, ruling that Dawson had voluntarily left employment and that she was therefore disqualified from benefits under § 29(1)(a) of the MESA. The board of review affirmed the referee's decision. The Wayne Circuit Court, John R. Kirwan, J., reversed the review board's decision, holding that Dawson was not disqualified from benefits. Detroit Receiving Hospital appealed to the Court of Appeals.

The Court of Appeals consolidated the appeals and *held:*

The word "voluntary" connotes a choice between alternatives which ordinary persons would find reasonable. Here, the claimants were not faced with a choice between reasonable alternatives when they failed the examination and their separation

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 59, 93, 94.

from employment in no way was the result of an unrestrained, volitional, freely chosen, or wilful action on their part.

*Clarke,* reversed.

*Dawson,* affirmed.

1. UNEMPLOYMENT COMPENSATION — APPEAL.

The Court of Appeals may review questions of law or fact in an appeal from a decision of the Employment Security Board of Review, but the decision of the board of review may be reversed only if it is contrary to law or is unsupported by competent, material, and substantial evidence on the record (Const 1963, art 6, § 28; MCL 421.38; MSA 17.540).

2. UNEMPLOYMENT COMPENSATION — DISQUALIFICATION FROM BENE-
FITS — VOLUNTARY TERMINATION OF EMPLOYMENT.

An individual who claims unemployment benefits is not disqualified from benefits pursuant to that part of the Michigan Employment Security Act which provides that benefits are not available to an individual who has left work voluntarily without good cause attributable to the employer where the claimant's separation from employment was not the result of an unrestrained, volitional, freely chosen, or wilful action on his part (MCL 421.29[1][a]; MSA 17.531[1][a]).

3. UNEMPLOYMENT COMPENSATION — DISQUALIFICATION FROM BENE-
FITS — GRADUATE NURSES — FAILURE TO PASS LICENSING EXAM-
INATION.

An individual who was discharged from employment at a hospital as a graduate nurse with a temporary license is not disqualified from unemployment benefits by the voluntary-quit provision of the Michigan Employment Security Act where discharge was made exclusively on the basis of a hospital policy mandating dismissal after failure to pass the state licensing examination for registered nurses (MCL 421.29[1][a]; MSA 17.531[1][a]).

Wayne County Neighborhood Legal Services, Inc. (by *Nicholas Roomeliotis*), for Edna T. Clarke.

*Clark R. Ballard,* for North Detroit General Hospital and Detroit Receiving Hospital.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Donna K. Welch,* Assistant Attorney General, for Michigan Employment Security Commission in Docket No. 99351.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Morris J. Klau,* Assistant Attorney General, for Michigan Employment Security Commission in Docket No. 101176.

Before: WEAVER, P.J., and SULLIVAN and R. A. BENSON,* JJ.

PER CURIAM. In this appeal, which consists of two consolidated unemployment compensation cases, we address the issue whether a graduate nurse who is terminated from employment for failing to pass the required state licensing examination is disqualified from unemployment compensation benefits for voluntarily leaving her work under § 29(1)(a) of the Michigan Employment Security Act, MCL 421.1 *et seq.;* MSA 17.501 *et seq.* We hold that she is not.

### EDNA T. CLARKE

While claimant Edna Clarke was enrolled in a state-approved nursing program at a local community college, she was employed by appellee North Detroit General Hospital as a nurse assistant. Just after she graduated from the nursing program, she applied for and was offered the position of a graduate nurse, which she accepted. In order to work as a graduate nurse, Clarke obtained a temporary state license required by MCL 333.16181; MSA 14.15(16181). About one month later, Clarke took the state licensing examination, which she was required to take and pass in order to obtain a permanent license to practice as a registered professional nurse. She continued working as a graduate nurse until she found out that she failed the examination. As a result of failing the examina-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion, Clarke necessarily lost both her temporary license and employment as a graduate nurse.

During graduate nurse orientation, Clarke was made aware of the hospital's change in policy that it would no longer permit a graduate nurse who failed the examination to work as a nurse assistant until she could retake the examination.

Clarke applied for unemployment compensation benefits. Following a hearing, a Michigan Employment Security Commission referee held that Clarke was not disqualified from receiving unemployment compensation benefits under the voluntary leaving work provision, § 29(1)(a), of the MESA. In a split decision, the Michigan Employment Security Board of Review reversed the referee's decision. In a subsequent appeal, the Wayne Circuit Court affirmed the board of review's decision.

### TONI R. DAWSON

Under similar circumstances, a contrary decision was reached in claimant Toni Dawson's case. Dawson was hired by appellant Detroit Receiving Hospital as a nurse technician shortly after graduating from the University of Michigan's nursing program. A few days later Dawson received her temporary license and, thus, was reclassified as a graduate nurse. Like Clarke, Dawson thereafter took the state licensing examination and failed it, which necessarily resulted in the loss of both her temporary license and employment as a graduate nurse.

Dawson sought but was denied unemployment compensation benefits by an MESC referee because the referee found that she voluntarily left her work under § 29(1)(a) of the MESA. That decision was affirmed by the board of review, again in a split decision. In a subsequent appeal, the Wayne

Circuit Court reversed the board of review, holding that Dawson was not disqualified from receiving benefits.

In both cases, the hospitals' policy had been to retain a graduate nurse who passed the state licensing examination in a position as a registered nurse. However, at the time Clarke and Dawson failed the examination, the hospitals' policy apparently was to discontinue the employment of a graduate nurse who failed the examination because she would not meet the statutory requirements necessary for the position. There is no dispute here that neither Clarke nor Dawson quit or willingly resigned from employment with the hospitals.

Although this Court may review questions of law or fact on appeal from the board of review, it will not disturb a decision of the board unless that decision is contrary to law or unsupported by competent, material and substantial evidence on the whole record. *Stephen's Nu-Ad, Inc v Green,* 168 Mich App 219, 222; 423 NW2d 625 (1988); Const 1963, art 6, § 28; MCL 421.38; MSA 17.540. Here, in both cases, the boards of review concluded that claimants Clarke and Dawson were disqualified from benefits under § 29(1)(a) of the MESA, which provides in pertinent part: "An individual shall be disqualified for benefits [where] . . . the individual . . . [l]eft work voluntarily without good cause attributable to the employer or employing unit." The question whether an employee left work "voluntarily" is a matter of law. *Leeseberg v Smith-Jamieson, Inc,* 149 Mich App 463, 465-466; 386 NW2d 218 (1986).

The Legislature's use of the word "voluntary" is clear and requires application. *Leeseberg, supra,* p 466. "Voluntary" connotes a choice between alternatives which ordinary persons would find reason-

able. *Id.; Laya v Cebar Construction Co,* 101 Mich App 26, 32; 300 NW2d 439 (1980), quoting *Lyons v Employment Security Comm,* 363 Mich 201, 216; 108 NW2d 849 (1961), (EDWARDS, J., dissenting). In a recent decision, this Court, in construing § 29(1)(a), concluded that the claimant's separation from his employment in no way was the result of an "unrestrained, volitional, freely chosen, or wilfull action" on the part of the claimant. *Stephen's Nu-Ad, Inc, supra,* p 223. See also the definition of "voluntary" in *Webster's New World Dictionary.*

Applying the definition of "voluntary" to the cases before us, we conclude that claimants did not leave work voluntarily. Claimants were required to take the examination. We are unable to conclude that they were faced with a *choice* between reasonable alternatives when they failed the examination. There is no evidence that their failing the examination was the result of an unrestrained, volitional, freely chosen, or wilful action on their part. To conclude that claimants voluntarily left their jobs would render perverse the meaning of the term "voluntary." *Stephen's Nu-Ad, Inc, supra,* p 223.

In further support of our conclusion we note that it is not up to this Court to amend the statute to extend the disqualifications set forth in plain language by the Legislature. Whether one in claimants' position should be disqualified is a question of policy for the Legislature. See *Alexander v Employment Security Comm,* 4 Mich App 378, 383; 144 NW2d 850 (1966), lv den 379 Mich 751 (1967), quoting *Thomas v Employment Security Comm,* 356 Mich 665, 669; 97 NW2d 784 (1959).

The remedial nature of the MESA also supports our conclusion. That act must be liberally construed to afford qualification and strictly construed

to effect disqualification. *Stephen's Nu-Ad, Inc, supra,* p 224; *Salenius v Employment Security Comm,* 33 Mich App 228, 237-238; 189 NW2d 764 (1971). Moreover, courts of this state have declined to adopt the doctrine of "constructive voluntary leaving" when a claimant is actually discharged by an employer. *Stephen's Nu-Ad, Inc, supra,* p 224; *Thomas, supra,* p 669; *Copper Range Co v Unemployment Compensation Comm,* 320 Mich 460, 469-470; 31 NW2d 692 (1948).

We acknowledge that our conclusion in the cases before us conflicts with the majority decision in *Employment Security Comm v Children's Hosp of Michigan,* 139 Mich App 525; 362 NW2d 819 (1984) (BURNS, P.J., dissenting). In that case, the claimant, like the claimants before us, obtained a temporary license and began working for the appellee hospital as a graduate nurse. The claimant thereafter twice took and failed the state licensing examination. As a result, the claimant necessarily lost both her temporary license and her employment with the hospital.

The *Children's Hosp* Court noted that the claimant's having a license was a condition for hire. After she failed the examinations, which prevented her from obtaining a permanent license, and after she lost her temporary license, the hospital was prevented by law from permitting her to practice nursing as either a graduate nurse or registered nurse. Relying on two decisions of our Supreme Court, *Echols v Employment Security Comm,* 380 Mich 87; 155 NW2d 824 (1968), and *Phillips v Employment Security Comm,* 373 Mich 210, 212; 128 NW2d 527 (1964), those facts led the Court to hold that "a claimant who fails to maintain prerequisites for hire and continued employment so that the employer is required by law to terminate the employment relationship has volun-

tarily left work without good cause attributable to the employer." 139 Mich App 532.

However, a review of *Echols* shows that the claimant's driver's license, which was a prerequisite for his employment as a taxicab driver, was suspended because of his own negligence and violation of the law. The claimant's temporary unemployment, therefore, was voluntary. Similarly, in *Phillips,* the claimant "deliberately" committed those acts which resulted in his losing his driver's license, a prerequisite for his employment. The same cannot be said in the cases before us.

We also note, in passing, that nothing in the law prevented the hospitals, in the cases before us, from retaining claimants as nurse assistants or nurse technicians while claimants again prepared for and took the examination.

The majority decision in *Children's Hosp* drew a dissent from Judge T. M. BURNS. Our analysis in the cases before us parallels Judge BURNS' dissent. Hence, we adopt the reasoning of his dissent.

The circuit court decision in *Clarke* is reversed, and the circuit court decision in *Dawson* is affirmed.