Matter of Smith (TN Couriers, LLC--Commissioner of Labor) (2022 NY Slip Op 02462)

Matter of Smith (TN Couriers, LLC--Commissioner of Labor)

2022 NY Slip Op 02462

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

532097 533498
[*1]In the Matter of the Claim of Aaron Smith, Respondent. TN Couriers, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

Peter Fidopiastis, Glens Falls, for appellant.
Cooper, Erving & Savage, LLP, Albany (Carolyn B. George of counsel), for Aaron Smith, respondent.

Aarons, J.
Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed February 26, 2020, which ruled that claimant was entitled to receive unemployment insurance benefits, and (2) from two decisions of said Board, filed November 19, 2020, which ruled that TN Couriers, LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
TN Couriers, LLC (hereinafter TNC) is a logistics broker that matches delivery drivers with its clients seeking transportation of products from one location to another. TNC utilized a third-party administrator to handle payroll and other personnel matters. Claimant was retained by TNC to deliver automobile parts for one of its clients, and executed an owner/operator agreement with the third-party administrator requiring, among other things, that claimant provide proof of registration, vehicle insurance and a valid driver's license. Following termination of his employment, claimant applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately assessed TNC for additional unemployment insurance contributions on remuneration paid to claimant and those similarly situated based upon a finding that an employer-employee relationship existed. TNC appeals from those decisions, as well as from a separate decision finding that claimant was entitled to receive unemployment insurance benefits.
"Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d 1064, 1064 [2022] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). In Matter of Murray (TN Couriers LLC-Commissioner of Labor) (187 AD3d 1270 [2020]), this Court affirmed a decision of the Board finding that an employer-employee relationship existed between TNC and a delivery driver, and those similarly situated, that it assigned to one of its clients to transport automobile parts. Upon review of the instant record, the indicators of control that TNC exercised over claimant here are not materially distinguishable from those previously found to establish an employment relationship between TNC and other drivers delivering automobile parts, including screening claimant regarding his driving record, assigning him to clients at varying locations, setting the rate of pay, establishing a performance standard of 98% on-time delivery, handling client complaints, providing substitutes when claimant was not available and requiring claimant to have minimum levels of automobile liability insurance. The record also [*2]establishes that TNC required claimant to have a communication device so that he could be reached while making deliveries, required adherence to certain security procedures, set appearance standards and covered claimant under its commercial liability insurance policy. Although TNC points to factors that could support a finding that claimant was an independent contractor, the record provides substantial evidence to support the Board's decision that TNC exercised sufficient supervision, direction and control over claimant to establish an employment relationship and, therefore, that decision will not be disturbed (see Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d at 1065; Matter of Fiorelli [Stallion Express, LLC-Commissioner of Labor], 201 AD3d 1045, 1047 [2022]; Matter of Murray [TN Couriers LLC-Commissioner of Labor], 187 AD3d at 1272). To the extent that TNC asserts that the Board's finding should not apply to those similarly situated, such contention is without merit (see Labor Law § 620 [1] [b]; Matter of Fiorelli [Stallion Express, LLC-Commissioner of Labor], 201 AD3d at 1048; Matter of Murray [TN Couriers LLC-Commissioner of Labor], 187 AD3d at 1272).
Given claimant's employee status, we now turn to the Board's decision finding that he is entitled to receive unemployment insurance benefits. "The question of whether a claimant who has been discharged from employment has engaged in disqualifying misconduct presents a factual issue for resolution by the Board, which decision will be upheld if supported by substantial evidence" (Matter of Cunningham [Commissioner of Labor], 182 AD3d 887, 887 [2020] [internal quotation marks and citations omitted]; see Matter of Zdunski [Commissioner of Labor], 182 AD3d 953, 954 [2020]). Claimant began working for TNC on May 1, 2018. In March 2019, TNC was notified by its commercial insurance carrier that it would no longer provide coverage for claimant upon renewal of the policy on April 1, 2019, because his driving record did not meet the carrier's program acceptability guidelines. Based upon the lack of coverage by the carrier due to an unspecified problem with claimant's driving record, as well as TNC's determination that finding alternative insurance coverage for claimant was not cost effective, TNC terminated claimant's employment on April 2, 2019. Although TNC may have been justified in discharging claimant due to his uninsurability with TNC's commercial insurance carrier, "[e]very discharge for cause does not mean that the cause constitutes misconduct" (Matter of Hulse [Levine], 41 NY2d 813, 814 [1977]; see Matter of Brien [United States Postal Serv.-Ross], 70 AD2d 747, 747 [1979]). Given TNC's expressed and limited reasons for terminating claimant's employment, substantial evidence supports the Board's finding that claimant's separation from employment was not due to disqualifying misconduct. TNC subsequently learned of conduct that may have provided a basis for finding [*3]that claimant engaged in disqualifying misconduct, but the record establishes that claimant's employment was not terminated for those reasons that were discovered after he was discharged. TNC's remaining contentions have been reviewed and are unpersuasive.
Garry, P.J., Lynch, Colangelo and Ceresia, JJ., concur.
ORDERED that the decisions are affirmed, without costs.